# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# JACKSON DIVISION

| | |
|---|---|
| **BRENDA MARECKI,** ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:25-cv-01246-STA-jay |
| ) | |
| v. ) | |
| ) | **JURY DEMAND** |
| **GOLDEN CIRCLE FORD LINCOLN, INC.,** ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF GOLDEN CIRCLE FORD LINCOLN, INC.

Defendant Golden Circle Ford Lincoln, Inc., ("Golden Circle" or "Defendant") responds to the *Complaint for Damages* ("Complaint") filed by Plaintiff Brenda Marecki ("Ms. Marecki" or "Plaintiff") as follows:

1. Paragraph 1 of the Complaint contains legal conclusions to which no response is required.

2. In response to the allegations in Paragraph 2 of Plaintiff's complaint, Defendant admits that Plaintiff was an employee of Golden Circle. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegation in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Jurisdiction is not disputed.

5. Venue is not disputed.

6. Paragraph 6 contains a legal conclusion to which no response is required. The documents referenced in Paragraph 6 speak for themselves, but Defendant denies all factual allegations contained in those documents inconsistent with this Answer.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegation in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits that Plaintiff last worked as an "F&I Manager" for Defendant. However, Defendant denies Plaintiff's characterization that she "worked her way up" to this role.

10. Defendant denies the allegation in Paragraph 10 that Plaintiff "performed well in the job" as Plaintiff did not always meet performance expectations and her numbers were typically lower than other employees. Defendant lacks sufficient information or knowledge to admit or deny allegations regarding the death of Plaintiff's brother.

11. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits only that on November 7, 2024, Plaintiff mentioned to her supervisor that the male coworker had said something about her blouse, but Plaintiff stated at that time that she could not recall exactly what was said, and she didn't think it was a big deal. All allegations to the contrary are denied.

15. Defendant admits only that the supervisor received Plaintiff's comment and undertook to access surveillance video to find the purported exchange. All allegations to the contrary are denied.

16. Defendant lacks sufficient information or knowledge to admit or deny Plaintiff's emotions, but denies that Plaintiff reported the incident to the Operations Manager on November 9, 2024.

17. Defendant admits only that its Operations Manager and Human Resources Manager met with Plaintiff on November 14, 2024, the same day Plaintiff contacted the Operations Manager to report. All allegations to the contrary are denied.

18. Defendant admits only that Plaintiff met with its Operations Manager and Human Resources Manager on or about November 14, 2024, and recounted what had occurred. All allegations to the contrary are denied.

19. Defendant admits only that it temporarily reassigned Plaintiff to another location on Plaintiff's request to not work in the same location as the employee who allegedly harassed Plaintiff, and that Plaintiff returned to Jackson after the male employee was transferred to Parsons. All allegations to the contrary are denied.

20. Defendant admits only that Plaintiff's coworker admitted to making some inappropriate comments, but believes that this admission from the male coworker was made on or about November 21, 2024. All allegations to the contrary are denied.

21. Defendant admits only that the male coworker of Plaintiff was suspended for four days and required to attend sexual harassment training. All allegations to the contrary are denied.

22. Defendant admits the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits only that when its Operations Manager and Human Resources Manager met with Plaintiff on November 14, 2024, they told Plaintiff that they would work with Plaintiff's direct supervisor to schedule her for another location per her request.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. It is admitted only that Plaintiff and another employee were disciplined after they failed to appear for work and failed to call Defendant to report that they would be absent. All allegations to the contrary are denied.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant admits only that Plaintiff's employment was terminated on April 1, 2025, for work performance.

30. Defendant admits the allegations contained in Paragraph 30 of the Complaint.

31. Defendant admits that "unsatisfactory performance" was a reason for Plaintiff's termination, but denies the allegations that she was never counseled or disciplined prior to her termination.

32. Paragraph 32 contains a legal conclusion to which no response is required.

33. Paragraph 33 contains a legal conclusion to which no response is required.

34. Defendant alleges and incorporates the responses in all preceding paragraphs as if fully set forth herein.

35. Paragraph 35 contains a legal conclusion to which no response is required. To the extent that Paragraph 35 contains any factual allegations, the same are denied.

36. Paragraph 36 contains a legal conclusion to which no response is required. To the extent that Paragraph 36 contains any factual allegations, the same are denied.

37. Paragraph 37 contains a legal conclusion to which no response is required. To the extent that Paragraph 37 contains any factual allegations, the same are denied.

38. Paragraph 38 contains a legal conclusion to which no response is required. To the extent that Paragraph 38 contains any factual allegations, the same are denied.

39. Paragraph 39 contains a legal conclusion to which no response is required. To the extent that Paragraph 39 contains any factual allegations, the same are denied.

40. Paragraph 40 contains a legal conclusion to which no response is required. To the extent that Paragraph 40 contains any factual allegations, the same are denied.

41. Defendant alleges and incorporates the responses in all preceding paragraphs as if fully set forth herein.

42. Paragraph 42 contains a legal conclusion to which no response is required. To the extent that Paragraph 42 contains any factual allegations, the same are denied.

43. Paragraph 43 contains a legal conclusion to which no response is required. To the extent that Paragraph 43 contains any factual allegations, the same are denied.

44. Paragraph 45 contains a legal conclusion to which no response is required. To the extent that Paragraph 45 contains any factual allegations, the same are denied.

45. Paragraph 45 contains a legal conclusion to which no response is required. To the extent that Paragraph 45 contains any factual allegations, the same are denied.

46. Paragraph 46 contains a legal conclusion to which no response is required. To the extent that Paragraph 46 contains any factual allegations, the same are denied.

47. Paragraph 47 contains a legal conclusion to which no response is required. To the extent that Paragraph 47 contains any factual allegations, the same are denied.

48. Paragraph 48 contains a legal conclusion to which no response is required. To the extent that Paragraph 48 contains any factual allegations, the same are denied.

49. Defendant alleges and incorporates the responses in all preceding paragraphs as if fully set forth herein.

50. Paragraph 50 contains a legal conclusion to which no response is required. To the extent that Paragraph 50 contains any factual allegations, the same are denied.

51. Paragraph 51 contains a legal conclusion to which no response is required. To the extent that Paragraph 51 contains any factual allegations, the same are denied.

52. Paragraph 52 contains a legal conclusion to which no response is required. To the extent that Paragraph 52 contains any factual allegations, the same are denied.

53. Paragraph 53 contains a legal conclusion to which no response is required. To the extent that Paragraph 53 contains any factual allegations, the same are denied.

54. Paragraph 54 contains a legal conclusion to which no response is required. To the extent that Paragraph 54 contains any factual allegations, the same are denied.

55. Paragraph 55 contains a legal conclusion to which no response is required. To the extent that Paragraph 55 contains any factual allegations, the same are denied.

56. Paragraph 56 contains a legal conclusion to which no response is required. To the extent that Paragraph 56 contains any factual allegations, the same are denied.

57. Defendant alleges and incorporates the responses in all preceding paragraphs as if fully set forth herein.

58. Paragraph 58 contains a legal conclusion to which no response is required. To the extent that Paragraph 58 contains any factual allegations, the same are denied.

59. Paragraph 59 contains a legal conclusion to which no response is required. To the extent that Paragraph 59 contains any factual allegations, the same are denied.

60. Defendant is without information or knowledge to admit or deny allegations about Plaintiff's "national age."

61. Paragraph 61 contains a legal conclusion to which no response is required. To the extent that Paragraph 61 contains any factual allegations, the same are denied.

62. Paragraph 62 contains a legal conclusion to which no response is required. To the extent that Paragraph 62 contains any factual allegations, the same are denied.

63. Paragraph 63 contains a legal conclusion to which no response is required. To the extent that Paragraph 63 contains any factual allegations, the same are denied.

64. Paragraph 64 contains a legal conclusion to which no response is required. To the extent that Paragraph 64 contains any factual allegations, the same are denied.

## GENERAL DENIAL

Any allegation not specifically admitted or denied is denied. Defendant also denies the allegations in Plaintiff's prayer for relief.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendant pleads its defenses and affirmative defenses in this action.

1. Defendant denies that Plaintiff is entitled to any recovery, including but not limited to back pay, front pay, emotional distress, pain and suffering, embarrassment, humiliation,

reinstatement, all benefits incident to employment, monetary losses, inconvenience, compensatory and liquidated damages, punitive damages, attorneys' fees, interest and cost.

2. Defendant moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted as to it. Plaintiff's Complaint contains allegations without any facts to support them. Under the plausibility standard, this is insufficient to state a claim for relief. The complaint must provide more than mere conclusory allegations to satisfy the *Twombly* and *Iqbal* requirements, which require that a plaintiff's complaint must be plausible and allow for a "reasonable inference" of liability rather than just a "possible" one. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff's "facts" supporting her allegations are simply more allegations and do not render her Complaint "plausible." For instance, Plaintiff alleges Defendant treated her less favorably than similarly situated male employees or non-Hispanic employees, but the "facts" she uses to support these claims are summary allegations or legal conclusions. Plaintiff supports her claim that she was treated differently than similarly situated employees with a summary allegation that she was terminated based on a false pretense. Plaintiff also does not provide any specific examples of other employees who received preferential treatment. Thus, Plaintiff's Complaint fails to state a claim upon which relief can be granted because it does not include sufficient factual information and evidence to be plausible and allow for a "reasonable inference" of liability.

3. Defendant respectfully asserts this affirmative defense that Plaintiff's claims are subject to mandatory arbitration. This defense is based on the Federal Arbitration Act and controlling precedent from the Sixth Circuit Court of Appeals. The Federal Arbitration Act ("FAA") makes arbitration agreements valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. *See* 9 U.S.C. §§ 1 et seq.,

*Kindred Nursing Ctrs. Ltd. P'ship v. Clark*, 581 U.S. 246 (2017). When a party brings a claim that is subject to arbitration, the FAA provides for a stay of proceedings and for orders compelling arbitration when a party refuses to comply with an existing arbitration agreement. *Hines v. Nat'l Ent. Grp., LLC*, 140 F.4th 322, 327 (6th Cir. 2025). The Sixth Circuit has consistently upheld the enforceability of arbitration agreements, including arbitration agreements governing employment discrimination claims. *Hamilton v. GE*, 556 F.3d 428, 434 (6th Cir. 2009) (citing *McMullen v. Meijer, Inc.*, 355 F.3d 485, 489 (6th Cir. 2004)). Per the Sixth Circuit itself, "[t]he Sixth Circuit has repeatedly applied the FAA to arbitration agreements formed in the employment setting. *Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 376 (6th Cir. 2005). Such agreements are only enforceable, however, if they provide the employee "with an effective substitute for the judicial forum" to pursue their claims. *McMullen* at 492 (quoting *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 659 (6th Cir. 2003) (en banc)). Statutory claims may be the subject of an arbitration agreement, including employment discrimination claims and claims under the Fair Labor Standards Act. A district court's duty to enforce an arbitration agreement under the FAA is not diminished when a party bound by the agreement raises claims arising from statutory rights. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). Additionally, the Supreme Court has clarified that "[m]ere inequality in bargaining power, however, is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (1991). In the present case, Plaintiff signed an arbitration agreement on September 11, 2023, which requires her to engage in arbitration as per the terms of the agreement in lieu of filing a civil suit against Defendant. A copy of that agreement is attached as <u>Exhibit A</u>. Plaintiff entered into this agreement freely, willfully, and with full knowledge of the consequences of entering into the agreement. This arbitration agreement falls

squarely within the scope of the FAA and is valid and enforceable under Sixth Circuit and Supreme Court precedent. This agreement is specific and direct, providing specific direction for every part of the arbitration process. Plaintiff's claims, whether statutory or contractual in nature, are subject to the arbitration clause and must be resolved through the agreed-upon arbitration process rather than through litigation. Thus, this Court should compel arbitration of Plaintiff's claims under the valid and enforceable arbitration agreement signed by Plaintiff.

4. Plaintiff's claims for damages should be denied or reduced due to Plaintiff's failure to mitigate her respective damages, in whole or in part.

5. Defendant had legitimate non-discriminatory reasons for all actions taken. Defendant would state that Plaintiff repeatedly failed to report to work as required, admitted to taking medication that made her unable to do her job while at work, and behaved inappropriately in front of customers, among other issues. This includes, but is not limited to, failing to alert her manager that she would be absent until 11:23 a.m. on January 14, 2024, falling asleep at work due to inappropriate use of medication on January 3, 2025, and making inappropriate statements regarding her co-worker in front of customers on February 5, 2025.

6. Plaintiff was an at-will employee and, therefore, could be terminated at any time with or without notice and with or without cause.

7. Plaintiff's claims may be barred by the doctrines of unclean hands, waiver, or estoppel.

8. Defendant breached no duty owed to Plaintiff under federal, state, or local law.

9. Any losses suffered by Plaintiff were not as a consequence of, or in reliance upon, any acts or omissions of Defendant.

10. At all relevant times, Defendant followed and enforced its policies against unlawful discrimination and retaliation in the workplace.

11. Defendant denies Plaintiff is entitled to an accounting or a judgment against Defendant in favor of Plaintiff for any damages.

12. To the extent that investigation and discovery make it applicable, Defendant asserts the after-acquired evidence rule.

13. Defendant denies any liability to Plaintiff for punitive damages.

14. To the extent Plaintiff seeks recovery of punitive damages from Golden Circle, Plaintiff's claim for punitive damages against it cannot be maintained, because any award of punitive damages would be by a jury that: (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award; (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence and wealth of Golden Circle; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate Golden Circle's due process rights guaranteed by the Fifth Amendment to the United States Constitution.

15. Defendant asserts that its inquiry into this matter is not yet complete and, therefore, all affirmative defenses that may be divulged through investigation and discovery will be relied

upon by Defendant at the trial of this case. Defendant specifically reserves the right to amend this Answer and plead additional facts and/or defenses, including affirmative defenses, which may be supported by said investigation and discovery.

WHEREFORE, Defendant Golden Circle Ford Lincoln, Inc. denies it is liable to Plaintiff in any amount and requests the Court impanel a jury of six persons, enter a judgment in favor of Golden Circle against Plaintiff, and dismiss the Complaint with costs assessed against the Plaintiff, as well as any additional relief this Court deems just and equitable under these circumstances.

Respectfully submitted:

LEWIS THOMASON

By: */s/ Peter C. Robison*
    Peter C. Robison, BPR No. 27498
    Alex Daichman, BPR No. 041468
    424 Church Street, Suite 2500
    P.O. Box 198615
    Nashville, TN 37219
    Phone: 615-259-1366
    probison@lewisthomason.com
    adaichman@lewisthomason.com

*Attorneys for Defendant Golden Circle Ford Lincoln, Inc.*

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing **ANSWER OF GOLDEN CIRCLE FORD LINCOLN, INC.** was served via this Court's ECF filing system to this 8th day of December, 2025:

D. Wes Sullenger
Sullenger Law Office, PLLC
2508 Jackson Street
Paducah, KY 42003
wes@sullengerlawfirm.com

             */s/ Peter C. Robison*
             Peter C. Robison