# Arbitration Agreement

**THIS AGREEMENT FOR ARBITRATION OF EMPLOYMENT-RELATED CLAIMS AS DEFINED IN THIS AGREEMENT,** ("**Agreement**"), is entered into by and between _____ Golden Circle Auto Group _____ ("**Employer**"), and _Brenda Marecki_ _____ ("**Employee**") (together known as "**Parties**") to establish the terms and conditions of this arbitration agreement.

## RECITALS

**WHEREAS,** Employer is a Tennessee business entity; and

**WHEREAS,** Employee is employed by Employer; and

**WHEREAS,** the Parties have expressed their interest in resolving employment-related claims, as defined by this Agreement, through arbitration; and

**WHEREAS,** Employee acknowledges that signing this Agreement is a condition of employment by Employer and that failure to execute this Agreement will result in termination of Employee's job with Employer; and

**WHEREAS,** both Employer and Employee acknowledge good and valuable consideration to each of them for the execution of this Agreement as outlined herein, including the Parties' mutual promise to be bound by the arbitrator's ruling.

**NOW, THEREFORE,** in consideration of the recitals and the mutual promises and covenants contained herein below and the benefits to be provided under the terms of this Agreement, the receipt of which is acknowledged by Employee and Employer, and acknowledged to be good, valuable, and adequate consideration, the parties do freely and voluntarily enter into this Agreement as follows:

## Terms and Conditions

The recitals stated above are incorporated herein as part of this Agreement.

I.    **Purpose of Agreement.** The purpose of this Agreement is to clearly establish final and binding arbitration for all disputes arising out of and in the course of Employee's relationship with Employer, including but not limited to Employee's employment or the termination of Employee's employment. Both Employer and Employee desire to arbitrate their disputes on the terms and conditions set forth below to receive the benefits of a speedy, impartial dispute-resolution procedure.

II.    **Definitions.**

1

1.    **"Agreement"** shall mean the entire Agreement between the Employer and Employee as contained herein and in any attachments or exhibits to this Agreement explicitly incorporated into this Agreement by the Parties.

2.    **"Employee"** shall mean Brenda Marecki.

3.    **"Employer"** shall mean Golden Circle Auto Group (which includes, but is not limited to, Golden Circle Ford, Inc., Golden Circle Chevrolet, LLC, Golden Circle Ford Lincoln, Inc., Golden Circle of Lexington, LLC, Golden Circle Pre-Owned Supercenter, LLC, Golden Circle Auto Outlet, LLC, Golden Circle Lincoln, Inc., Southeast Auto Direct, LLC, Golden Circle Ford, Parsons, LLC, and Bolivar Motor Company, Inc.). Employer includes, but is not limited to, Golden Circle Auto Group's and its officers, directors, partners, employees, supervisors, managers, service providers, agents, pension or benefit plans, administrators, or fiduciaries, or any subsidiary or affiliated company or corporation. Employer includes any and all dealerships, subsidiaries, or entities Golden Circle Auto Group or its related entities acquires, merges with, or creates after this Agreement is executed.

4.    **"Employment-Related Claims"** shall mean, but is not limited to, claims for wages and other compensation due (except for claims of unemployment); claims for breach of any contract or covenant (express or implied); tort claims; claims for workplace discrimination and harassment (except for sexual harassment or sexual assault); claims for benefits (except where an employee benefit or pension plan specifies that its claims procedure shall culminate in an arbitration procedure different from this Agreement); claims for defamation or disparagement; claims for violation of any public policy, federal, state, or other governmental law, statute, regulation, or ordinance (except for claims of worker's compensation); claims regarding post-employment disputes including, but not limited to, return of Employer property or overpayment of wages.

5.    **"Parties"** shall mean Employer and Employee.

**III.    Scope of Agreement.** Employer and Employee mutually consent to the resolution by final and binding arbitration of all Employment-Related Claims, as defined by this Agreement, that Employer may have against Employee or Employee may have against Employer relating to, resulting from, or in any way arising out of Employee's relationship with Employer, Employer's relationship with Employee, and the termination of Employee's employment relationship with Employer, to the extent permitted by law. This Agreement explicitly does **not** require arbitration of claims of sexual assault or sexual harassment (although Employee may voluntarily elect to arbitrate these claims); workers' compensation benefits; or claims for unemployment. This Agreement does not preclude Employee from filing a charge with the Equal Employment Opportunity Commission or a claim with the National Labor Relations Board. This Agreement does not preclude the Employer or Employee from seeking injunctive relief pursuant to a restrictive agreement or restrictive covenant between Employer and Employee while initiating arbitration for the underlying alleged breach of such an agreement or covenant.

2

**IV.**     **Pre-Arbitration Internal Resolution.** Employer and Employee shall reasonably attempt to resolve all Employment-Related Claims through the Complaint procedure outlined in Employer's Handbook prior to initiating arbitration pursuant to this Agreement. Pre-Arbitration Internal Resolution will follow the Problem Resolution procedure outlined in the Employer's Handbook.

**V.**     **Required Notice of Claims and Statute of Limitations.**

    **1.**     **Notice.** Employee may initiate arbitration by serving or mailing a written notice to either (1) Dame Nowlin, Managing Partner; or (2) Cary Holmes, Human Resources Manager, at 1432 US 45 Bypass, Jackson, Tennessee 38305. Employer may initiate arbitration by serving or mailing a written notice to Employee at the last known address in Employee's personnel file. The written notice must specify what claims are being asserted against the other party; the amount in controversy; the requested hearing location; the names, addresses, and phone numbers of the parties; and what remedy the initiating party is seeking. The written notice may include documents that support the initiating party's claim(s).

    **2.**     **Statute of Limitations.** Notice of any claim sought to be arbitrated must be served within the claim's corresponding statute of limitations established under federal and/or state law.

**VI.**     **Arbitration Procedure.**

    **1.**     **Demand.** After providing the other party notice under Section V. of this Agreement, the party demanding arbitration shall file a demand for arbitration with the American Arbitration Association ("AAA").

    **2.**     **Arbitrator and Rules of Procedure.** Arbitration will be conducted by one (1) arbitrator only. The arbitrator shall be selected from the AAA panel, and the arbitration shall be conducted pursuant to AAA policies and procedures, specifically the Employment Arbitration Rules and Mediation Procedures. The selection process for the arbitrator will be conducted according to the Employment Arbitration Rules and Mediation Procedures. The current version of the Employment Arbitration Rules and Mediation Procedures can be found at www.adr.org/Rules.

    **3.**     **Governing Law and Arbitrator's Authority.** This Agreement is governed by Tennessee's Revised Uniform Arbitration Act (Tenn. Code Ann. § 29-5-301 *et seq.*). The Federal Arbitration Act ("FAA") does not govern this Agreement. The FAA does not apply to this Agreement. The arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state of Tennessee, or federal law, or both, as applicable to the claim(s) raised. Issues regarding the ability to arbitrate shall be decided pursuant to Tenn. Code Ann. § 29-5-307 of the Tennessee Revised Uniform Arbitration Act. Where there is a conflict between what the Tennessee Revised Uniform Arbitration Act says and the AAA Employment Arbitration Rules and Mediation Procedures says, the Tennessee Revised Uniform Arbitration Act will preempt the AAA Employment Arbitration Rules and Mediation Procedures.

4. **Discovery.** Discovery shall be allowed and conducted pursuant to AAA policies and procedures, specifically the Employment Arbitration Rules and Mediation Procedures, and pursuant to Tennessee's Revised Uniform Arbitration Act. Where there is a conflict between what the Tennessee Revised Uniform Arbitration Act says and the AAA Employment Arbitration Rules and Mediation Procedures says, the Tennessee Revised Uniform Arbitration Act will preempt the AAA Employment Arbitration Rules and Mediation Procedures.

5. **Summary Judgment.** Employer or Employee may file a motion for summary judgment with the arbitrator. The arbitrator is entitled to resolve some or all of the asserted claims through a motion for summary judgment. The standards to be applied by the arbitrator in ruling on a motion for summary judgment shall be the applicable laws as specified in Subsection VI, subsection 3 of this Agreement.

6. **Class and Collective Action Waiver.** The Parties agree not to bring any disputes between each other on a collective or class basis. Parties will only bring claims on an individual basis. An arbitrator shall not resolve any disputes concerning the enforceability or validity of this class and collective action waiver. Only a court with proper jurisdiction may resolve disputes regarding the enforceability or validity of this waiver. If this class action waiver is held to be unlawful for any reason, the Parties agree that a court of competent jurisdiction, not an arbitrator, will hear any class or collective action.

7. **Punitive Damages.** Neither Party may be awarded punitive damages unless the statute under which the Party has brought the Employment-Related Claims specifically authorizes punitive damages. In the event that a Party is awarded punitive damages under that circumstance, the punitive damages are capped at $5,000.00. In the event that a court of competent jurisdiction finds that this Agreement is unenforceable, the Parties explicitly agree that no court may award punitive damages unless the statute under which the Party has brought the Employment-Related Claims specifically authorizes punitive damages. In that event, punitive damages are still capped at $5,000.00.

## VII. Application for Emergency Injunctive and/or Other Equitable Relief. Employment-Related Claims by Employer or Employee for emergency injunctive and/or other equitable relief related to unfair competition, and/or the use and/or unauthorized disclosure of trade secrets or confidential information, and/or disparagement, and/or violation of a restrictive covenant or agreement with Employer shall be subject to the then current version of the AAA's Optional Rules for Emergency Measures of Protection set forth within the AAA's Employment Arbitration Rules and Mediation Procedures. Prior to an arbitrator being appointed, Employee or Employer may seek injunctive relief, a temporary restraining order, or other equitable relief for an Employment-Related Claim in a court of competent jurisdiction pursuant to Tennessee's Revised Uniform Arbitration Act. Pursuant to the Employment Arbitration Rules and Mediation Procedures, the AAA shall appoint a single emergency arbitrator to handle the claim(s) for emergency relief. The emergency arbitrator selected by the AAA shall be either a retired judge or an individual experienced in handling matters involving claims for emergency injunctive and/or other equitable relief relating to unfair competition and the use or unauthorized disclosure of trade secrets and/or confidential information. Upon an arbitrator being appointed, the arbitrator may issue injunctive relief, a temporary restraining order, or other equitable, provisional relief pursuant to Tennessee's

4

Revised Uniform Arbitration Act. After an arbitrator is appointed, Employee and/or Employer may move for injunctive relief, a temporary restraining order, or other equitable and/or provisional relief before a court of competent jurisdiction pursuant to Tenn. Code Ann. § 29-5-309(b)(2) of the Tennessee Revised Uniform Arbitration Act.

**VIII.  Arbitration Decision.**

The arbitrator's decision will be final and binding. The arbitrator shall issue a written arbitration decision revealing the essential findings and conclusions upon which the decision and/or award is based. A party's right to appeal the decision is limited to grounds provided under applicable federal or state law. The Parties understand that they are waiving their rights to appeal the arbitrator's decision except as allowed by applicable law.

**IX.  Place of Arbitration.**

The arbitration will be at a mutually convenient location that must be within sixty (60) miles of Employees last company employment location with Employer. If the parties cannot agree upon a location, then the arbitration will be held in the County in which Employer's business is located and where Employee works or worked for Employer.

**X.  Representation, Fees and Costs.**

Each party has a right to be represented by an attorney. Each party shall be responsible for its own attorney's fees. However, if any party prevails on a statutory claim that affords the prevailing party's attorney's fees, or if there is a written agreement providing for fees, the arbitrator may award reasonable attorney's fees to the prevailing party.

In the event that a party fails to pursue arbitration, fails to comply with the arbitrator's decision and award, or challenges the arbitrator's decision without merit, the party shall be responsible for cost of suit, including reasonable attorney's fees and costs.

Employer shall be responsible for the arbitrator's fees and costs to the extent that they exceed any fee or cost that Employee would be required to bear if the action were brought in court.

**XI.  Compelling Arbitration and Enforcement.** Either party may ask a court of competent jurisdiction to stay any court proceeding or to compel arbitration under this Agreement. Either party may ask a court of competent jurisdiction to confirm, vacate, or enforce an arbitration award.

**XII.  General Terms.**

   **1.  Severability.** The provisions of this Agreement shall be deemed severable, and if any portion shall be held invalid, illegal, or unenforceable for any reason, the remainder of this Agreement shall be effective and binding upon the Parties.

   **2.  Modification or Revocation.** This Agreement to arbitrate shall survive the termination of Employee's employment. It can only be revoked or modified by writing signed by (1) Dame Nowlin, Managing Partner, or Vice President Karl Kramer; and (2) Employee that specifically states an intent to revoke or modify this Agreement.

5

3.    **Entire Agreement.**    This Agreement contains the sole and entire agreement between the Parties regarding the subject matter hereof, and supersedes any and all prior agreements between the Parties.  The Parties acknowledge and agree that neither of them has made any representations with respect to the subject matter of this Agreement, or any representation inducing the execution and delivery hereof, except such representations as are specifically set forth and/or referenced herein, and each of the Parties hereto acknowledges that it has relied on its own judgment in entering into the same.

4.    **Continuing Obligations.**    Whether specifically identified or not, the obligations of the Parties under this Agreement, which by their nature or content would continue beyond the expiration or termination of this Agreement, shall survive any expiration or termination of this Agreement.

5.    **Assignment.**    Neither party may assign this Agreement without the prior written consent of the other Party and any attempted assignment shall be void and of no effect.

6.    **Binding on Successors and Assigns.**    This Agreement will be binding upon and inure to the benefit of the Parties hereto, and their successors, heirs, and permissible assigns.

7.    **No Third Party Rights.**    Nothing in this Agreement shall be construed as creating or giving rise to any rights in any third parties or any persons other than the Parties hereto.

8.    **Waiver.**    Any waiver of any term or condition of this Agreement must be in writing and signed by the Parties.  Any delay or waiver by a party to declare a breach or seek any remedy available to it under this Agreement or by law will not constitute a waiver as to any past or future breaches or remedies.

9.    **Headings.**    The headings in this Agreement are for convenience and reference and are not intended to define or limit the scope of any provision of this Agreement.

10.    **Confidentiality.**    This Agreement is confidential to the extent allowed by law.

11.    **No Reliance.**    Each party acknowledges that it has carefully read this Agreement and that each Party understands all of its terms. Each party further acknowledges that each has not relied upon any representation or statement, written or oral, that is not set forth in this Agreement and that the only consideration for signing this Agreement is as set forth herein.

12.    **No Presumptions.**    Notwithstanding anything to the contrary in any applicable statute or the common law, this Agreement shall be construed without regard to whom drafted it, and no presumptions shall be made against the drafting party.

**13.    Counterparts.**  This Agreement may be executed in counterparts with the same force and effect as if a single original had been executed by the Parties.  This Agreement may be executed either by original, facsimile, or electronic mail, any of which will be equally binding.

**14.    Governing Law.**  This Agreement shall be exclusively governed by the laws of the State of Tennessee.

**15.    No Right to Jury.**  The Parties agree that by entering into this Agreement, they waive their right to have a trial by jury.  In the event that this Agreement is held unenforceable, for any reason, the Parties agree to waive any right to a jury trial in proceedings before a court of law or equity.

**16.    Employment Status Unchanged.**  Nothing in this Agreement constitutes or creates an employment contract for a specific duration between Employee and Employer.  Employee is employed on an at-will basis.  Employee understands that he or she may voluntarily quit or be terminated from employment by Employer at any time.

**17.    Voluntary Agreement.**  This Agreement is executed voluntarily without any duress or undue influence on the part of or on behalf of the Parties hereto.  The Parties acknowledge that they have read and understand this Agreement and its legal effect.  Each party acknowledges it has had a reasonable opportunity to obtain independent legal counsel for advice and representation in connection with this Agreement.  Each party further acknowledges that it is not relying on and it is not, for the purposes of the negotiation, execution, and delivery of this Agreement, a client of the legal counsel employed by any other parties to this Agreement.  Each of the undersigned represents and warrants that he/she has the authority to execute this Agreement on behalf of the respective party and that such action has been properly authorized.

**IN WITNESS WHEREOF,** the Employee and Employer have executed this Agreement as of the date and year written below.

Employee

(Signature of Employee)

Date:

Employer

(Position with Employer_____ LR Mgr _____)

Date:_____ 9 - 11 - 23 ____