## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## JACKSON DIVISION

| | | |
|---|---|---|
| **BRENDA MARECKI,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:25-cv-01246-STA-jay |
| | ) | |
| v. | ) | |
| | ) | **JURY DEMAND** |
| **GOLDEN CIRCLE FORD LINCOLN, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

## RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and the Order of the Court dated December 5, 2025, Plaintiff Brenda Marecki ("Plaintiff") and Defendant Golden Circle Ford Lincoln, Inc. ("Defendant") jointly submit this Rule 26(f) Report:

**1.     Rule 26(f) Conference.**

D. Wes Sullenger, counsel for the Plaintiff, and Peter C. Robison, counsel for Defendant, conferred via email to accommodate the schedule of Mr. Sullenger, who is in trial as of the filing of this Rule 26(f) Report.

**2.     Initial Disclosures.**

The parties will exchange information required by Fed. R. Civ. P. 26(a)(1) on or before January 23, 2026.

**3.     Discovery Plan.**

The parties proposed the following discovery plan:

a.     Discovery will be needed on all matters pertaining to the allegations in the Complaint and the issues raised in the Answers. Liability, causation, injuries and damages are in dispute.

b.     Disclosure of discovery of electronically stored information should be handled as follows: Parties agree to preserve all electronic communications, including but not limited to electronic mail. Unless otherwise agreed upon, the parties may disclosure/produce ESI in a hardcopy or static form (e.g. searchable .pdf), thereby allowing documents produced to be indexed and individually marked through "bates" stamping. Consistent with Federal Rule of Civil Procedure 34(b)(2)(E)(iii), the parties need not produce the same electronic discovery in more than

one form; however, after the production of electronic discovery in a hardcopy or static form, the parties may request disclosure of metadata or native files for particular documents where good cause has been demonstrated (e.g., when the original creation date of a document is an issue and disputed) or when a static image is not reasonably usable (e.g., when a .pdf image is unable to capture/display all column/information contained in a spreadsheet such as an Excel file).

    c.    If privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

    d.    Initial written discovery shall commence on **January 26, 2026**, and shall conclude by **April 30, 2026**. All written discovery shall be propounded on or before March 31, 2026.

    e.    The maximum number of interrogatories as permitted by the Rules of Civil Procedure is appropriate and does not need to be altered.

    f.    The maximum number of requests for admissions will be 30.

    g.    The maximum number of depositions noticed by each party as permitted by the Rules of Civil Procedure is appropriate and does not need to be altered.

    h.    Party and fact witness depositions shall be completed on or before May 31, 2026. Depositions shall last no more than 7 hours absent agreement by the parties.

    i.    Supplementation under Rule 26(e)(2) shall take place on or before September 21, 2026.

    j.    Reports from retained experts under Fed. R. Civ. P. 26(a)(2) shall be due as follows:

        i.    Plaintiffs' expert report(s) are due on **July 7, 2026**.

        ii.    Defendants' expert report(s) are due on **August 7, 2026**.

        iii.    Any rebuttal experts shall be designated on or before **August 20, 2026**.

        iv.    Depositions of expert witnesses shall be completed by **September 21, 2026**.

        v.    Any *Daubert* motions shall be filed on or before **October 31, 2026**.

        vi.    Depositions for evidence (proof) only shall be completed thirty days prior to the pretrial conference.

**4. Other Scheduling Matters.**

    a.    The parties have declined to consent to the jurisdiction of the magistrate.

    b.    The parties request that the Court set appropriate deadlines for pretrial conferences once a trial date has been established.

    c.    The parties request a pretrial conference approximately 14 days before trial.

    d.    The deadline to file motions to dismiss is **May 2, 2026**.

    e.    The deadline to join parties or file motions to amend the pleadings is **April 2, 2026**. Alternative Dispute Resolution: The parties will mediate this case on or before April 24, 2026, and will file a stipulation of selection of mediator by **February 28, 2026**.

    f.    The dispositive motions deadline is **October 31, 2026**. Responses are due on **November 30, 2026**. Replies, if any, are due on **December 7, 2026**.

    g.    Pre-Trial disclosures shall be governed by Rule 26(a)(3) of the Federal Rules of Civil Procedure.

    h.    The parties expect this trial to last three (3) days. The parties request a trial date on or about **April 26, 2027**, or such date in that time period as the Court's trial calendar allows.

    i.    Plaintiffs will agree to sign a medical records release to permit Defendants to obtain the minor Plaintiff's medical records, and Defendants agree to provide copies of all documents obtained by way of the release to Plaintiffs' counsel within fourteen days of receipt of said records.

**5. Electronic Service**

The parties agree that electronic service of discovery requests, responses and document production is sufficient to comply with service under the Federal Rules of Civil Procedure and

the Local Rules of this Court. Parties will need to request hard copies of any discovery requests, responses or document production. In serving the documents, the following individuals will be included:

    i.   D. Wes Sullenger:    wes@sullengerfirm.com

    ii.   Tonya Sullenger:    tonya@sullengerfirm.com

    iii.   Peter C. Robison:    probison@lewisthomason.com

    iv.   Alexander N. Daichman: adaichman@lewisthomason.com

    v.   Sofia Trefilova-Martin: strefilovamartin@lewisthomason.com

**6. Synopsis of the Case.**

This is an employment discrimination case brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. Plaintiff alleges in her Complaint that she was terminated in retaliation for reporting an incident of sexual harassment, and that her termination was motivated by her race/national origin, gender, and/or age. Defendant contends that Plaintiff's termination was due solely to Plaintiff's poor work performance and that her termination was not motivated by any illegal purpose.

                            Respectfully submitted:

                            LEWIS THOMASON

                            By: */s/ Peter C. Robison*
                                 Peter C. Robison, BPR No. 27498
                                 Alex Daichman, BPR No. 041468
                                 424 Church Street, Suite 2500
                                 P.O. Box 198615
                                 Nashville, TN 37219
                                 Phone: 615-259-1366
                                 probison@lewisthomason.com
                                 adaichman@lewisthomason.com
                        *Attorneys for Defendant Golden Circle Ford Lincoln, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **RULE 26(f) REPORT** was served via this Court's ECF filing system to this 9th day of January, 2026:

D. Wes Sullenger
Sullenger Law Office, PLLC
2508 Jackson Street
Paducah, KY 42003
wes@sullengerlawfirm.com

                                                */s/ Peter C. Robison*
                                                Peter C. Robison