## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## JACKSON DIVISION

| | |
|---|---|
| **BRENDA MARECKI,** ) | |
| ) | |
| Plaintiff, ) | **Case No.: 1:25-cv-01246-STA-jay** |
| ) | |
| v. ) | |
| ) | **JURY DEMAND** |
| **GOLDEN CIRCLE FORD LINCOLN, INC.,** ) | |
| ) | |
| Defendants. ) | |

## STANDARD TRACK SCHEDULING ORDER

Pursuant to Local Rule 16.2, a scheduling conference was held on January 30, 2026. Present were D. Wes Sullenger, counsel for Plaintiff Brenda Marecki, and Peter Robison and Alex Daichman, counsel for Defendant Golden Circle Ford Lincoln, Inc. Prior to the scheduling conference, on January 9, 2026, the parties met and conferred in compliance with Federal Rule of Civil Procedure 26(f). The following dates are established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1):** January 27, 2026

**MOTIONS TO JOIN PARTIES:** March 30, 2026

**MOTIONS TO AMEND PLEADINGS:** March 30, 2026

**MOTIONS TO DISMISS:** April 29, 2026

**ALTERNATIVE DISPUTE RESOLUTION:**

(a) **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** April 24, 2026

(b) **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)1:**

    **Mediator's Name:** Michael L. Russell

    **Stipulation Filing Date:** February 28, 2026

**COMPLETING ALL DISCOVERY:** September 21, 2026

    (a) **WRITTEN DISCOVERY:** August 21, 2026. All written discovery shall be propounded on or before March 31, 2026.

    (b) **DEPOSITIONS:** September 21, 2026

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2):**

(a) **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF)**

**RULE 26(a)(2) EXPERT INFORMATION:** July 7, 2026

(b) **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2)**

**EXPERT INFORMATION:** August 7, 2026

(c) **EXPERT WITNESS DEPOSITIONS:** September 21, 2026

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS:** October 5, 2026

**SUPPLEMENTATION UNDER RULE 26(e)(2):** September 21, 2026

**FILING DISPOSITIVE MOTIONS:** October 31, 2026

**OTHER RELEVANT MATTERS:**

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have reached an agreement regarding e-discovery and hereby submit the parties' e-discovery plan for the Court's approval:

Disclosure of discovery of electronically stored information should be handled as follows: Parties agree to preserve all electronic communications, including but not limited to electronic mail. Unless otherwise agreed upon, the parties may disclosure/produce ESI in a hardcopy or static form (e.g. searchable .pdf), thereby allowing documents produced to be indexed and individually marked through "bates" stamping. Consistent with Federal Rule of Civil Procedure 34(b)(2)(E)(iii), the parties need not produce the same electronic discovery in more than one form; however, after the production of electronic discovery in a hardcopy or static form, the parties may request disclosure of metadata or native files for particular documents where good cause has been demonstrated (e.g., when the original creation date of a document is an issue and disputed) or when a static image is not reasonably usable (e.g., when a .pdf image is unable to capture/display all column/information contained in a spreadsheet such as an Excel file).

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service.

  This case is set for a jury trial. The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order. The parties anticipate the trial will last approximately three (3) days.

  The parties are ordered to engage in ADR by the ADR deadline. Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

  Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

  Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

  The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

  Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

  *Any party who files a document on the docket sheet under seal must, within seven (7) days thereafter, file a notice demonstrating the need for such protection in light of applicable law regarding the public's right of access to the Court.*

The parties do not consent to trial before the Magistrate Judge.

1. This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

IT IS SO ORDERED.

            s/S. Thomas Anderson
            UNITED STATES DISTRICT JUDGE

            Date: 2/19/2026

Respectfully submitted:

LEWIS THOMASON

By: */s/ Peter C. Robison*
Peter C. Robison, BPR No. 27498
Alex Daichman, BPR No. 041468
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
Phone: 615-259-1366
probison@lewisthomason.com
adaichman@lewisthomason.com
*Attorneys for Defendant Golden Circle Ford Lincoln, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **Standard Track Scheduling Order** was served via this Court's ECF filing system to this 27th day of January, 2026:

D. Wes Sullenger
Sullenger Law Office, PLLC
2508 Jackson Street
Paducah, KY 42003
wes@sullengerlawfirm.com

*/s/ Peter C. Robison*
Peter C. Robison